UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHIAS FRANCOIS                              CIVIL ACTION

VERSUS                                         NO: 16-15799

JEFFERSON PARISH,                              SECTION "A" MAG. 2
STATE OF LOUISIANA

## ORDER

Before the Court is a **Motion to Dismiss (Rec. Doc. 6)** filed by Defendant Jefferson Parish. Plaintiff has not responded. The motion, set for submission on November 30, 2016, is before the Court on the briefs without oral argument.

I. Background

Matthias Francois filed his lawsuit against the State of Louisiana and Jefferson Parish, in which he alleges that his 14th Amendment rights were violated due to an ineffective court-appointed attorney. (Rec. Doc. 1) He seeks $900,000.00 in punitive damages and $400,000.00 in compensatory damages against Jefferson Parish and the State of Louisiana alleging that his court-appointed counsel in a state court criminal matter was so ineffective as to violate Plaintiff's constitutional right to a fair trial. (Rec. Doc. 1). Jefferson Parish then filed the instant motion to dismiss Plaintiff's claims against it. (Rec. Doc. 6).

II. Analysis

Jefferson Parish seeks dismissal of Plaintiff's lawsuit against it arguing that 1) there was insufficient service of process, and 2) Plaintiff failed to state a claim for which relief may be granted. Plaintiff has not filed a response disputing Defendant's assertions.

a. Insufficient Service of Process

1

Jefferson Parish's first argument for dismissal is that there was insufficient service of process. Federal Rules of Civil Procedure Rule 4(j)(2) provides that a state or state-created governmental organization that is subject to suit must be served by delivering a copy of the summons and complaint to the state's chief executive officer or in a matter prescribed by that state's law. Fed. R. Civ. P. 4(j)(2) (2016). Louisiana law provides that:

> In all suits filed against a political subdivision of the state, or any of its departments, offices, boards, commissions, agencies or instrumentalities, citation and service may be obtained on any proper agent or *agents designated by the local governing authority* and in accordance with the laws of the state provided that the authority has filed notice of the designation of agent for service of process with and paid a fee of ten dollars to the secretary of state, who shall maintain such information with the information on agents for service of process for corporations. La. Rev. Stat. § 13:5107 (B) (2014).

Jefferson Parish designated Mr. Michael J. Power, Parish Attorney, at S. Yenni Building, 1221 Elmwood Park Blvd., Ste. 701, Jefferson, Louisiana 70123, as its agent for service of process with the Louisiana Secretary of State. (Rec. Doc. 6-2). Plaintiff, however, executed service of process on Jefferson Parish at 1221 Elmwood Park Blvd., Harahan, Louisiana 70123. (Rec. Doc. 5). Additionally, Defendant asserts that Plaintiff failed to attach a copy of the complaint, merely delivering a copy of the summons. (Rec. Doc. 6-1, Pg. 3). Given that Plaintiff failed to serve Jefferson Parish through its designated agent for service and failed to attach a copy of the complaint with the summons, service of process was insufficient.

The Court finds that although service of process was insufficient, dismissal based on insufficient service of process is not appropriate. Generally, a district court may dismiss an action without prejudice or "simply quash service of process" if the Court determines that service was insufficient. *Amir El v. Louisiana State*, 2016 WL 6563403, at *2 (E.D. La. 2016) (Carl J. Barbier). Generally, courts "should quash the service rather than dismiss the complaint and give the plaintiff an opportunity to re-serve the defendant." *Id.* (quoting *Rhodes v. J.P. Sauer & Sons, Inc.*, 98 F.

Supp. 2d 746, 750 (W.D. La. 2000)). Given that Plaintiff represents himself pro se and attempted to properly serve Jefferson Parish, the Court finds it inappropriate to dismiss Plaintiff's claim due to insufficient service of process.

    b.  Failure to State Claim Upon Which Relief May be Granted

Jefferson Parish's second argument for dismissal is for failure to state a claim for which relief may be granted, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In the context of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney*, Ltd., 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The Court finds that Plaintiff has failed to state a claim for which relief may be granted because Jefferson Parish is not the entity responsible for Plaintiff's alleged ineffective representation. Jefferson Parish contends that "the Parish of Jefferson is not responsible for [P]laintiff, the appointment of his counsel, the actions or inactions of his counsel, or any criminal prosecution or defense of [P]laintiff." (Rec. Doc. 6-1). Plaintiff has not responded. It is evident that Jefferson Parish is not the proper defendant. Notably, public defenders in Louisiana are governed under state scheme, not a parish scheme. Since 2007, the Louisiana Public Defender Board, a Louisiana governmental entity, has governed public defenders appointed by Louisiana

3

courts.[1]  Accepting all factual allegations in Plaintiff's complaint as true and drawing reasonable inferences in his favor, he still has failed to state a claim for which relief may be granted against Jefferson Parish.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by Defendant Jefferson Parish is **GRANTED**.

New Orleans, Louisiana this 10th day of January 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] http://lpdb.la.gov/About/What%20We%20Do.php.