UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHIAS FRANCOIS                            CIVIL ACTION

VERSUS                                       NO: 16-15799

JEFFERSON PARISH, AND                        SECTION: A (2)
STATE OF LOUISIANA

**ORDER**

Before the Court is a **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 10)** filed by Defendant State of Louisiana ("Louisiana"). Plaintiff opposes the Motion. (Rec. Doc. 11). The Motion, set for submission on April 5, 2017, is before the Court on the briefs without oral argument.

I. **Background**

Matthias Francois filed his lawsuit against the State of Louisiana and Jefferson Parish, in which he alleges that his 14th Amendment rights were violated due to an ineffective court-appointed attorney. (Rec. Doc. 1) He seeks $900,000.00 in punitive damages and $400,000.00 in compensatory damages against Jefferson Parish and the State of Louisiana alleging that his court-appointed counsel in a state court criminal matter was so ineffective as to violate Plaintiff's constitutional right to a fair trial. (Rec. Doc. 1). On January 10, 2017, this Court granted Defendant Jefferson Parish's Motion to Dismiss, leaving only Plaintiff's claims against Louisiana. (Rec. Doc. 9). Louisiana filed the instant motion to dismiss Plaintiff's claims against it, invoking sovereign immunity. (Rec. Doc. 10).

II. **Analysis**

Louisiana seeks dismissal of Plaintiff's claim for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure Rule 12(b)(1). The party asserting jurisdiction

1

"constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When ruling on the motion, the district court can rely on the complaint, undisputed facts in the record, and the court's resolution of disputed facts. *Id.* A court should grant the motion only if it appears certain the plaintiff cannot prove any set of facts that would entitle him to recovery. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Louisiana argues that this Court lacks subject matter jurisdiction over this matter because Louisiana is entitled to sovereign immunity under the 11th Amendment of the Constitution. Plaintiff argues that 11th Amendment sovereign immunity does not apply because Plaintiff's ineffective assistance of counsel claims are pursuant to both the 14th Amendment of the Constitution and 42 U.S.C. § 1983.

The Eleventh Amendment to the United States Constitution bars suits by private citizens against a state in federal court. *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)). The Eleventh Amendment sovereign immunity protects states from suits for both money damages and injunctive relief, unless the state has waived its immunity. *Cozzo v. Tangipahoa Parish Council–President Gov't,* 279 F.3d 273, 280 (5th Cir.2002). Louisiana has explicitly declined to waive its Eleventh Amendment sovereign immunity against suits in federal courts. La. Rev. Stat. Ann. § 13:5106 (A). A narrow exception exists under *Ex parte Young*[1], which has not been brought up by either party and does not apply to these facts.

The Court finds that 11th Amendment sovereign immunity bars Plaintiff's claim for violation of his right to effective assistance of counsel. The 11th Amendment bars Plaintiff's claims against the state of Louisiana in federal court, and Louisiana has refused to waive its 11th

---

[1] This exception applies only when a state action is enforcing an unconstitutional law. *Ex parte Young*, 209 U.S. 123 (1908)

Amendment sovereign immunity. Despite Plaintiff's contention that this Court has jurisdiction by virtue of the 14th Amendment, the 14th Amendment alone does not provide a cause of action. The vehicle to enforce alleged violation of one's constitutional rights is generally through 42 U.S.C. § 1983. (See generally *Berger v. City of New Orleans*, 273 F.3d 1095, 2001 WL 1085131 (5th Cir. 2001)). The United States Court of Appeals for the Fifth Circuit has explicitly stated that a plaintiff "cannot maintain a cause of action directly under the Fourteenth Amendment when seeking to assert Constitutional violations against municipalities or governmental actors, but must employ the applicable statutory mechanism when one exists ---- here, 42 U.S.C. § 1983." *Berger v. City of New Orleans*, 2001 WL 1085131, at *1 (5th Cir. 2001).

The Court finds that it does not have subject matter jurisdiction over Plaintiff's claims against Louisiana under 42 U.S.C. § 1983. The United States Supreme Court has held that "a State is not a 'person' within the meaning of § 1983…" *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). Plaintiff has not filed a lawsuit against any particular individual acting under his official capacity, and his only remaining claims are against the State of Louisiana. Because the State of Louisiana enjoys 11th Amendment sovereign immunity and is not a person within the meaning of § 1983, the Court does not have jurisdiction over Plaintiff's claims.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 10)** filed by Defendant State of Louisiana is **GRANTED**.

New Orleans, Louisiana this 12th day of May 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE